## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITE HERE RETIREMENT FUND and TRUSTEES OF THE UNITE HERE RETIREMENT FUND | : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : : | |
| DESMOND 433 CORP. d/b/a Desmond's Tavern | : : | NO.    18-11041 |
| and | : : | |
| DOES ONE THROUGH TEN, | : | |
| Defendants. | : : | **COMPLAINT** |

The Trustees and Fiduciaries ("Trustees") for and on behalf of the UNITE HERE Retirement Fund (the "Fund") for their Complaint herein respectfully allege as follows:

### JURISDICTION

1.      This is an action to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001-1461 ("ERISA") §502(a)(3)(B), (d)(1), (f) and (g)(2), §515 and §4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. §1132 (a)(3)(B), (d)(1),  (f) and (g)(2), §1145 and §1451(a)(1), (b) and (c), respectively.

### VENUE

2.      This Court is one of proper venue pursuant to ERISA §§502(e)(2) & 4301(d), 29 U.S.C. §§1132(e)(2) & 1451(d), because the Funds are administered in this district of New York.

### PARTIES

3.      The Fund is a multiemployer plan within the meaning of ERISA §§3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3) and was created and is maintained for the

purpose of collecting and receiving contributions and providing pension benefits to eligible participants.

5.      At all times relevant hereto, Defendant Desmond 433 Corp. d/b/a/ Desmond's Tavern ("Employer") was and is an employer in an industry affecting commerce within the meaning of Section 3(5), (11) and (12) of ERISA, 29 U.S.C. §§1102(5), (11) and (12).

6.      Upon information and belief, Does 1 through 10 (whose names plaintiffs are unable to determine at this time) are employers related to Defendant Employer within the meaning of Subsections (b), (c), (m), (n) or (o) of Section 414 of the IRC, 26 U.S.C. §414(b), (c), (m), (n) or (o).

## BACKGROUND

7.      Defendant Employer operates a restaurant and tavern that employs members of UNITE HERE Local 100.

8.      The terms and conditions of employment for employees at the tavern were governed by a series of collective bargaining agreements between the Employer and UNITE HERE, Local 100 ("Union"). Under the collective bargaining agreement, the Employer was obligated it to make certain contributions to the Plaintiff Fund. A true and correct copy of the most recent collective bargaining agreement is attached hereto as Exhibit A.

## COUNT I
## WITHDRAWAL LIABILITY

9.      Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 8.

10.     In or around June 1, 2018, the Defendant Employer permanently making contributions to the Fund. Pursuant to ERISA §4203(a), 29 U.S.C. §1383(a), such permanent cessation of all contributions to the Fund constitutes a "complete withdrawal" from the Fund.

11.     Pursuant to ERISA §4201, 29 U.S.C. §1381, Defendant Employer is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA §4211, 29 U.S.C. §1391, and the applicable provisions of the Trust Agreement, the Fund calculated the Employer's withdrawal liability to be $597,982.00.

12.     By letter dated June 22, 2018, in accordance with ERISA §4219(b)(1), 29 U.S.C. §1399(b)(1), the Fund sent the Employer a written demand for payment of its withdrawal liability and informed the Employer that it could amortize payments in eighty (80) consecutive quarterly installments of $5,066.11 each. The letter further explained that payment of the entire withdrawal liability or the first quarterly payment would be due on August 1, 2018. A true and correct copy of the June 22, 2018 letter is attached hereto as Exhibit B.

13.     Defendant Employer did not pay any withdrawal liability by the August 1, 2018 deadline.

14.     Defendant Employer did not request arbitration by the August 1, 2018 deadline.

15.     On August 22, 2018, the Fund sent a letter to the Employer notifying it that it had failed to submit the first quarterly payment by the August 1, 2018 deadline and demanded that the late payment be made immediately. The letter further advised that if payment was not made within 60 days of receipt of the letter, default would occur.  A true and correct copy of the August 22, 2018 letter is attached hereto as Exhibit C.

16.     The letter was sent U.S. certified mail and the Employer acknowledged receipt of the later. The Employer failed and refused to respond to the August 22, 2018 letter.

17.     By failing to make its quarterly withdrawal liability payments, Defendant Employer defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA §4219(c)(5)(A), 29 U.S.C. §1399(c)(5)(A). The entire outstanding balance of withdrawal liability ($284,831.00) is therefore due and owing pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5) and ERISA §515, 29 U.S.C. §1145.

18.     Pursuant to ERISA §§502(g)(2)(B) and 4301(b), 29 U.S.C. §§1132(g)(2)(B) and 1451(b) and 29 C.F.R. §419.32, the Fund is entitled to receive interest on delinquent withdrawal liability payments.

19.     In accordance with ERISA §§502(g)(2)(C)-(D) and 29 U.S.C. §§1132(g)(2)(C)-(D) and 1451(b), the Employer is obligated to pay the greater of liquidated damages of twenty (20%) percent of the unpaid amount due and owing, or the amount of interest awarded, plus costs and attorneys' fees.

20.     Defendants Does One through Ten, as alter-egos and/or related employers to Defendant Employer, per Section 414(b), (c), (m), (n), or (o) of the IRC, are jointly and severally liable to pay the outstanding balance of Defendant Employer's withdrawal liability, plus interest, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §1398.

WHEREFORE, Plaintiffs Trustees and Fund ask that the Court:

(a)     Enter judgment in favor of the Plaintiff Fund and against the Defendant Employer, and Does One through Ten, jointly and severally, for unpaid withdrawal liability in the amount of $597,982.00, pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), and ERISA §515, 29 U.S.C. §1145;

4

(b)     Enter judgment in favor of the Plaintiff Fund and against the Defendant Employer and Does One through Ten, jointly and severally, for interest on the balance of its unpaid withdrawal liability pursuant to 29 U.S.C. §§1132(g)(2)(B), 1399(c)(6) and 1451(b), 29 C.F.R. §4219.32, and the provisions of the Trust;

(c)     Enter judgment in favor of the Plaintiff Fund and against the Defendant Employer and Does One through Ten, jointly and severally, for liquidated damages equal to the greater of (i) $119,596.40, representing twenty (20%) percent of its outstanding withdrawal liability, or (ii) an amount equal to the amount awarded as interest in paragraph (b) above, pursuant to 29 U.S.C. §§1451(b) and 1132(g)(2)(C);

(d)     Enter judgment in favor of the Plaintiff Fund and against the Defendants Employer and Does One through Ten, jointly and severally, for reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §§1451(b) and 1132(g)(2)(D), in an amount to be determined by the court upon subsequent application by the Plaintiffs; and

(e)     Grant any other further relief the court finds just and proper.


## COUNT II
## DELINQUENT CONTRIBUTIONS

21.     The above paragraphs are incorporated herein by reference as though duly set forth at length.

22.     For the period October 2017-May 2018, the Employer failed to pay contributions on all eligible hours as required by the terms of the collective bargaining agreement.  As a result, the Employer owes $13,525.54 in principal contributions for the period October 2017 through May 2018.

23.     That principal delinquency accrued a total of $1,332.08 in interest on the contributions for the period between May 2017 and June 2018 as of November 30, 2018.

5

24.    The Employer also accrued $2,705.09 in liquidated damages on the delinquent amount.

25.    The Employer also owes $416.08 of interest on past due contributions paid after their due dates for the periods of March through June 2016 and July through September 2017.

26.    The Employer owes liquidated damages of $2,7671.18 for the past due contributions paid after their due dates for the periods of March through June 2016 and July through September 2017.

27.    Despite notice of the foregoing amounts, the Employer has failed and refused to pay.

28    By not paying the amounts owed the Employer violated the collective bargaining agreement, which is actionable under the LMRA and ERISA.

26.    Pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B) the Employer owes additional interest on the delinquent principal that has and will accrue after November 30, 2018.

27.    In addition to the principal, interest, and liquidated damages set forth above, Defendant Employer owes to Plaintiff's attorneys' fees and costs of litigation, pursuant to 29 U.S.C.  §1132(g)(2)(D).

**WHEREFORE**, Plaintiff ask that the Court:

(1)    Enter judgment in favor of the Plaintiff Fund and against the Defendant Employer in the amount of $13,525.54 for unpaid principal contributions for the October 2017 through May 2018 period, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

6

(2)     Enter judgment in favor of the Plaintiff Fund and against the Defendant
        Employer in the amount of $1,332.08 for interest on the principal
        contributions owed the May 2017 through October 2018 period calculated
        as of November 30, 2018 pursuant to the collective bargaining agreement
        and 29 U.S.C. §1132(g)(2)(B);

(3)     Enter judgment in favor of the Plaintiff Fund and against the Defendant
        Employer in the amount of $2,705.09 for liquidated damages on the
        delinquent contributions owed for the October 2017 through May 2018
        period as of November 30, 2018, pursuant to the collective bargaining
        agreement and 29 U.S.C. §1132(g)(2)(C);

(4)     Enter judgment in favor of the Plaintiff Fund and against the Defendant
        Employer for such additional interest and liquidated damages that accrues
        on the May 2017 through June 2018 delinquency after November 30,
        2018, calculated at the I.R.S. rate, pursuant to 29 U.S.C. §1132(g)(2)(B)
        and (C);

(5)     Enter judgment in favor of the Plaintiff Fund and against the Defendant
        Employer in the amount of $416.08 of interest on past due contributions
        paid after their due dates for the periods of March through June 2016 and
        July through September 2017.

(6)     Enter judgment in favor of the Plaintiff Fund and against the Defendant
        Employer in the amount of $2,767.18 of liquidated damages on past due

contributions paid after their due dates for the periods of March through June 2016 and July through September 2017.

(7)     Enter an order requiring the Defendant Employer to pay contributions as required by the terms of the collective bargaining agreement

(8)     Enter judgment in favor of the Plaintiff Fund and against the Defendant Employer for attorneys' fees and costs, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D); and

(9)     Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY:

WILLIAM T. JOSEM, ESQUIRE
REGINA C. HERTZIG, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Date:  November 27, 2018

8